## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

CYNTHIA R. DONOHO,

       **Plaintiff,**

**v.**                                 **Case No. 16-2167**

NANCY A. BERRYHILL,
**Acting Commissioner of Social Security,**

       **Defendant.**

### REPORT AND RECOMMENDATION

Plaintiff Cynthia Donoho seeks review under 42 U.S.C. § 405(g) of the Social Security Administration's denial of her application for disability insurance benefits. The parties filed cross motions for summary judgment. For the reasons explained below, the Court recommends that Plaintiff's Motion for Summary Judgment **(#12)** be **DENIED**, Defendant's Motion for Summary Judgment **(#15)** be **GRANTED**, and the decision to deny benefits be affirmed.

I.     **Background**

On February 28, 2011, Plaintiff filed her application for disability insurance benefits, alleging disability beginning February 13, 2010. The Social Security Administration denied Plaintiff's claims initially and on reconsideration. Plaintiff appeared and testified at a video hearing before an Administrative Law Judge (ALJ). During the hearing, the ALJ heard testimony from an impartial vocational expert.

On December 8, 2014, the ALJ issued an unfavorable decision. (R.15-28.) The ALJ found that Plaintiff has the severe impairments of disorders of the back, fibromyalgia, depression, and anxiety. (R. 18.) The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR

404.1520(d), 404.1525 and 404.1526). (R. 22.) Additionally, the ALJ found that Plaintiff has the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) except is limited to frequent balancing and occasional climbing of ramps, stairs, ladders, scaffolds, ropes; occasional stooping, kneeling, crouching and crawling; needs to avoid concentrated exposure to extreme cold and extreme heat, dusts, odors, gases and fumes; because of all the individual's mental impairments and symptoms combined, the individual may, during times of symptoms exacerbation have moderate limitations in (1) concentration, persistence and/ or pace when attempting highly complex or highly detailed tasks, so the individual is limited to understanding and carrying out all but highly complex and highly detailed tasks and instructions, is capable of using good judgment in making work related decisions, is capable of responding appropriately to supervision, co-workers and work situations, and is capable of dealing with less than highly complex or highly detailed changes in the work setting and work processes, and (2) social functioning, so the individual is limited to jobs that do not require more than occasional work related interaction with the public.

(R. 23.) The ALJ found that Plaintiff is unable to perform any past relevant work, but that jobs exist in significant numbers that Plaintiff can perform. (R. 27.) The Appeals Council denied Plaintiff's Request for Review, making the ALJ's ruling the Commissioner's final decision.

## II.     Standard of Review

In reviewing the ALJ's decision, this Court does not try the case *de novo* or replace the ALJ's findings with the Court's own assessment of the evidence. *Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir. 1989). Instead, the Court must affirm the decision to deny benefits if the ALJ correctly applied the law and supported the decision with substantial evidence. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Stated differently, if reasonable minds could differ as to whether Plaintiff is

disabled, the Court must uphold the ALJ's decision to deny benefits. *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996). Importantly, for the Court to evaluate the ALJ's analysis, the ALJ must build a "logical bridge from the evidence to his conclusion." *See Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

## III.   Analysis

### a.   Treating Physician Opinion

Plaintiff first argues that the ALJ erred in discounting the opinion of Plaintiff's treating physician, Dr. Whitaker, a primary care provider. The ALJ must give controlling weight to a treating source's opinion if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence." *Punzio v. Astrue*, 630 F. 3d 704, 710 (7th Cir. 2011) (citing § 404.1527(c)). The Regulations list several factors the ALJ considers when evaluating a treating physician's opinion: the length, nature, and extent of the treatment relationship; frequency of examination; the physician's specialty; the types of tests performed; and the consistency and support for the physician's opinion. 20 C.F.R. §§ 404.1527(c). "An ALJ who does not give controlling weight to the opinion of the claimant's treating physician must offer 'good reasons' for declining to do so." *Larson v. Astrue*, 615 F.3d 744, 749 (7th Cir. 2010).

Plaintiff's argument rests on a letter submitted by Dr. Whitaker. Dr. Whitaker opined that Plaintiff has "undergone a relapsing remitting course with many flares of pain and depression." (R. 1220.) Dr. Whitaker further stated that during pain flares, Plaintiff is unable to get out of bed or leave the house for as long as a week at a time. *Id.* The ALJ considered Dr. Whitaker's letter but found it was unsupported. (R. 24.)

The ALJ listed four reasons for discounting Dr. Whitaker's opinion. First, Dr. Whitaker did not give specific functional limitations. (R. 24-25.) Second, Dr. Whitaker's treatment notes do not reflect flares of relapsing and remitting pain and depression. Third, Dr. Whitaker's office notes frequently reflect normal mental status examinations and do not include any referrals for mental health treatment. Fourth, Dr. Whitaker's opinion conflicted with other medical opinions in the record. Specifically, the ALJ notes

a consulting physician who found no restrictions in Plaintiff's work related activities including sitting, standing, walking, hearing, and speaking. (R. 607-611.) *See Skarbek v. Barnhart*, 390 F. 3d 500, 503 (7th Cir. 2004) (An ALJ may choose to not give a treating physician's opinion controlling weight if it is inconsistent with the consulting physician's opinion or if it is internally inconsistent.).

Plaintiff's Motion lists treatment notes from thirty seven office visits to Dr. Whitaker. The majority of these treatment notes include subjective complaints by Plaintiff about various pain and anxiety. While some notes include details of treatment prescribed by Dr. Whitaker, the notes cited do not detail functional limitations beyond that found in the ALJ's RFC. The Court does not replace the ALJ's findings with its own assessment of the evidence. *Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir. 1989). The Court finds that the ALJ supported his analysis of Dr. Whitaker's opinion with good reason from the record.

**b. RFC**

Next, Plaintiff argues that the ALJ failed to incorporate all Plaintiff's impairments into the RFC. "The RFC is the maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675-76 (7th Cir. 2008). "When determining the RFC, the ALJ must consider all medically determinable impairments, physical and mental, even those that are not considered 'severe.'" *Id.*

Plaintiff cites to a single impairment the ALJ allegedly failed to consider: Plaintiff's panic attacks. Plaintiff argues that the limitations caused by her panic attacks, when combined with her other impairments, resulted in additional limitations. Plaintiff cites to the Wikipedia definition of panic attack, but does not describe or support any additional limitations caused by the panic attacks. Plaintiff does not cite to a single treatment note in the record showing that Plaintiff's panic attacks cause impairments. Instead, Plaintiff argues generally that the panic attacks warrant further restrictions. This is insufficient to show that the ALJ's RFC reasoning was flawed.

**c. Subjective Statements**

Finally, Plaintiff argues that the ALJ erred in finding Plaintiff lacks credibility. The SSA recently updated its ruling on evaluating symptoms in disability cases. The new SSR 16-3p eliminates the use of the term "credibility" to "clarify that subjective symptom evaluation is not an examination of the individual's character." SSR 16-3p.[1]

Under the new SSR 16-3p:

> [T]he ALJ must still consider all of an individual's symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical and other evidence in the record. In assessing symptoms, the ALJ should consider elements such as "objective medical evidence of the impairments, the daily activities, allegations of pain and aggravating factors, functional limitations, and treatment (including medication).

The Court will affirm the ALJ's finding so long as the ALJ "gives specific reasons that are supported by the record." *Id*. at 505. Here, the ALJ described several specific reasons for finding that Plaintiff's subjective statements lacked credibility.

The ALJ considered Plaintiff's daily activities and allegations of pain, and contrasted these with the objective medical evidence and treatment records. The ALJ noted that Plaintiff's treatment was inconsistent and her physical examinations regularly had normal results. Additionally, treatment notes reported improvement with treatment. Regarding Plaintiff's mental impairments, the ALJ noted that Dr. Lo, Plaintiff's psychologist, reported no mental disability. The ALJ also considered the reports of the consulting physicians, each of whom did not find limitations consistent with Plaintiff's subject statements.

As required, the ALJ considered each of the factors included in the new SSR 16-3p. The ALJ's discussion includes specific reasons supported by the record for the ALJ's

---

[1] This Court agrees with the Northern District of Illinois' conclusion that because the SSA specifies that the new ruling is intended to "clarify" the existing rules, and because the prior ruling and the new ruling are substantially consistent, the Court should evaluate Plaintiff's credibility argument under the language of the new SSR 16-3p. *See Herrold v. Colvin*, 2016 WL 1660495, p. 9 (N.D. Ill. 2016); *Damit v. Colvin*, 2106 WL 3568088, p. 8-9; *see also Farrar v. Colvin*, 2-16 WL 3538827, n. 3 (noting that "While the new policy statement does apply to matters on appeal, the Court is also bound by case law concerning the same regulatory process under the "credibility" analysis of the former SSR 96-7p").

conclusion that Plaintiff's subjective statements lacked credibility. The Court does not find that the ALJ's analysis was flawed.

**IV.    Conclusion**

For these reasons, the Court recommends that Plaintiff's Motion for Summary Judgment **(#12)** be **DENIED**, Defendant's Motion for Summary Judgment **(#14)** be **GRANTED**, and that the decision to deny benefits be affirmed. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 13th day of June, 2017.

_____
s/ ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE